GRIFFIN, Chief Judge.
We affirm the dismissal of the appellant’s complaint against Hudson Realty, Inc. and Dennis M. Buckley with prejudice. The allegations against these defendants are all contained in a single count entitled, “Breach of Duty, Fraud and Misrepresentation.” Hudson Realty was the listing broker for a motel on the market for sale. The listing sheet contained the income and expenses for the motel’s operation in 1989 and 1990 as supplied by the seller. Appellants purchased the property. An addendum to the purchase contract made the sale contingent upon the sellers furnishing an income and expense statement for 1991. This was transmitted by Hudson Realty to the Thibault’s realtor upon receipt from the seller. The complaint is that these figures were not a true picture of the operation of the motel. The lower court dismissed the complaint with prejudice relying on principles of caveat emptor.
Although caveat emptor would not bar a claim of fraud based on affirmative misrepresentation, appellants have not met the stringent pleading requirements necessary to state a cause of action for fraud. Fla. R. Civ. P. 1.120. Most of the facts contained in the complaint áre not relevant to a fraud claim. All that is pleaded in support of the fraud theory is that the broker “either knew or should have known” that the financial information supplied by the seller was false because he was the “owner of like hotel/motel properties in Daytona Beach.” These allegations fall far short of the elements of the cause of action for fraud. Similarly, even under the Florida supreme court’s recent decision recognizing the tort of negligent misrepresentation as set forth in Restatement (Second) of ToRts § 552 (1977),[1] the elements of this tort are not pleaded. The third tort included in this count, “breach of duty,” does not exist in this context.
AFFIRMED.
GOSHORN, J., concurs.
THOMPSON, J., dissents, with opinion.

. Gilchrist Timber Co. v. ITT Rayonier, Inc., 696 So.2d 334, 337 (Fla.1997).